OTTO B. MAY, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JACOB B. SHOHAN, DEFENDANT-APPELLANT.

Submitted February 1, 1944—Decided March 23, 1944.

For the appellant, *Sidney Finkel* (*Irving Morris,* of counsel).

For the respondent, *Haines & Chanalis* (*Patrick J. Maloney,* of counsel).

The opinion of the court was delivered by

COLIE, J. Otto B. May, Inc., instituted suit to recover upon a demand note in the sum of $1,727.40 dated January 15th, 1937, made and delivered to it by the defendant, Jacob B. Shohan. The defenses interposed were a general denial and a separate defense that in 1935 the parties entered into an employment contract by which there was to be a sharing of the net profits, "after deducting all moneys and advances paid to defendant;" that in 1939 the relation of employer and employee was terminated by a written agreement, under seal, which provided that the parties thereto "mutually agree in release to each other of any and all rights and obligations arising out of the said contract except as is hereinafter set forth." Issue was joined by an appropriate reply and the case came on for trial. The plaintiff proved the note and rested. Thereupon the defendant introduced in evidence the employment agreement of 1935 and the termination agreement of 1939 and sought to introduce parole evidence to show that the note sued upon was conditionally delivered in 1937. The court excluded the evidence tendered to show that the note in suit was delivered conditionally. We think this

ruling was correct and that the court's direction of a verdict for the plaintiff necessarily followed in light of the exclusion of the proffered evidence. The 1939 agreement was not ambiguous. By its terms it released "any and all rights arising out of the said contract," i. e., the employment contract of 1935. There was nothing in the agreement executed two years subsequent to the making and delivery of the note in suit to show that the note was meant to be satisfied thereby. The termination agreement was a written memorial of the transaction and parole evidence is inadmissible to enlarge its terms to include the note in question. *Naumberg* v. *Young*, 44 *N. J. L.* 331.

The judgment under appeal is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, PORTER, COLIE, DEAR, WELLS, HAGUE, THOMPSON, DILL, JJ. 12.

*For reversal*—DONGES, HEHER, PERSKIE, RAFFERTY, JJ. 4.